UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONZO SHEPPARD,<br><br>    Plaintiff,<br><br>  v.<br><br>S. RAZO,<br><br>    Defendant. | No. C 03-5433 RMW (PR)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>(Docket Nos. 34, 46) |

Plaintiff, a California state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that defendant's use of a retention ring to restrain plaintiff violated his constitutional rights. Plaintiff previously filed four complaints relating to the same event. The court closed plaintiff's three duplicate cases and dismissed the instant complaint with leave to amend.[1] Plaintiff filed a first, then a second, amended complaint.[2] Defendant filed a motion for summary judgment, plaintiff filed an opposition and defendant filed a reply. Having reviewed the record and the applicable law, the court concludes that defendant is entitled to judgment as a matter of law and will GRANT defendant's motion in its entirety.

---

[1] Case Nos. 03-5434, 03-5455 and 03-5765.

[2] The court dismissed five other defendants from the action.

Order Granting Defendant's Motion for Summary Judgment
P:\pro-se\sj.rmw\cr.03\Sheppard433.msjorder.md         1

**BACKGROUND**

Plaintiff's allegations arise from defendant Razo's use of a retention ring to bind plaintiff and the placement of plaintiff in a holding cell for several hours on or about August 25, 2003 at Salinas Valley State Prison ("SVSP").[3] On or about that date, plaintiff, who lived in the Administrative Segregation Unit at SVSP, told defendant, a prison floor officer, that "he was having difficulties comprehending some issues and that he needed to speak to a psychiatrist." Pl.'s Opp'n to Mot. Summ. J. ("Opp.") at 5. Plaintiff alleges that "[d]efendant then removed [p]laintiff from his cell, plac[ed] him in a holding cell, and attached him to a retention ring." Id. Plaintiff contends that "[d]efendant retained [p]laintiff in this fashion for approximately six [] hours[, causing] [p]laintiff injuries, pain and discomfort, as well as mental distress." Id. After arriving on the scene, medical staff directed defendant to remove plaintiff from the retention ring. Id. at 4.

Defendant asserts that while he was employed as a floor officer at SVSP, he "knew [p]laintiff had a history of suicidal tendencies" and had "removed [p]laintiff from his cell two or three times because he expressed suicidal thoughts." Def.'s Mot. Summ. J. ("MSJ"), Decl. of S. Razo ¶¶ 2-3. Defendant contends that on or about August 25, 2003, plaintiff stated that he needed to see a psychiatrist. Id. ¶ 2. Defendant then restrained plaintiff because he believed plaintiff might try to harm himself. Id. ¶ 2. "I had [p]laintiff strip down to his underwear, removed him from his cell, placed him in a holding cell connected to a retention ring, and called for a psychological evaluation to be conducted before placing him back in his cell." Id. ¶ 4. Defendant asserts that "[a] suicide-risk evaluation was completed for [p]laintiff on August 25, 2003, by Dr. J. Gardi, Clinical Psychologist." Id. ¶ 10. According to defendant, it was standard protocol at SVSP "to restrain a suicidal inmate in a holding cell with a retention ring until a psychological evaluation could be completed." Id. ¶¶ 4, 10. Defendant concedes that plaintiff was kept in the retention ring for six hours. Def.'s Reply to Pl.'s Opp. to MSJ at 5.

A retention ring, as described by defendant, is "a restraint that is attached to an inmates's

---

[3] Plaintiff is currently housed at Kern Valley State Prison. Notice of Address Change, Docket. No. 33.

1  handcuffs in order to restrict an inmate's movement . . . It consists of a large ring, approximately
2  two feet in diameter, with a two-foot-long chain attached."[4] MSJ at 2. "The chain has smaller
3  rings about three inches in diameter attached to each end, and padlocks that connect the small
4  rings to an inmate's handcuffs. The large ring is kept outside of the holding cell. An inmate is
5  handcuffed behind his back, and the chains are put through the food port and padlocked onto the
6  handcuffs." Id. at 2-3. "[R]etention rings were used at [SVSP] to prevent a suicidal inmate from
7  harming himself. If an inmate was only handcuffed, he would be able to reach into a body cavity
8  and retrieve a razor blade or other harmful object." Id. at 3.

9  As grounds for relief, plaintiff alleges that defendant violated his Eighth Amendment
10 rights by imposing conditions of confinement that inflicted unnecessary suffering.[5]

**DISCUSSION**

**I.   Standard of Review**

Summary judgment is proper where the pleadings, discovery and affidavits demonstrate that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. Id.

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Cattrett, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. But on an issue for which the

---

[4] A photograph of a retention ring appears in the record. MSJ, Decl. of Jennifer Nygaard, Ex. C at 1.

[5] Defendant contends that he is protected from suit by qualified immunity. MSJ at 7. Because the court concludes that plaintiff's claims are suitable for dismissal as a matter of law on other grounds, the court need not reach the issue whether defendant is entitled to qualified immunity.

Order Granting Defendant's Motion for Summary Judgment
P:\pro-se\sj.rmw\cr.03\Sheppard433.msjorder.md        3

1  opposing party will have the burden of proof at trial, as is the case here, the moving party need
2  only point out "that there is an absence of evidence to support the nonmoving party's case." Id.
3  at 325.
4      Once the moving party meets its initial burden, the nonmoving party must go beyond the
5  pleadings and, by its' own affidavits or discovery, "set forth specific facts showing that there is a
6  genuine issue for trial." Fed. R. Civ. P. 56(e).  The court is only concerned with disputes over
7  material facts and "factual disputes that are irrelevant or unnecessary will not be counted."
8  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  It is not the task of the court to
9  scour the record in search of a genuine issue of triable fact. Keenan v. Allen, 91 F.3d 1275, 1279
10 (9th Cir. 1996).  The nonmoving party has the burden of identifying, with reasonable
11 particularity, the evidence that precludes summary judgment. Id.  If the nonmoving party fails to
12 make this showing, "the moving party is entitled to judgment as a matter of law." Celotex Corp
13 v. Catrett, 477 U.S. at 323.
14 **II.     Plaintiff's Claims**
15     Petitioner contends that defendant's placing him in restraints for roughly five hours
16 without any provocation amounted to cruel and unusual punishment in violation of the Eighth
17 Amendment.  Order of Service at 2.
18     The treatment a prisoner receives in prison and the conditions under which he is confined
19 are subject to scrutiny under the Eighth Amendment.  See Helling v. McKinney, 509 U.S. 25, 31
20 (1993). A prison official violates the Eighth Amendment when two requirements are met:
21 (1) the deprivation alleged must be, objectively, sufficiently serious, see Farmer v. Brennan, 511
22 U.S. 824, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)), and (2) the prison
23 official possesses a sufficiently culpable state of mind, i.e., the offending conduct was wanton,
24 id. (citing Wilson, 501 U.S. at 297).
25     In determining whether a deprivation of a basic necessity is sufficiently serious to satisfy
26 the objective first component of an Eighth Amendment claim, a court must consider the
27 circumstances, nature, and duration of the deprivation.  The more basic the need, the shorter the
28

Order Granting Defendant's Motion for Summary Judgment
P:\pro-se\sj.rmw\cr.03\Sheppard433.msjorder.md          4

time it can be withheld.  See Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000).  Substantial deprivations of shelter, food, drinking water or sanitation for four days, for example, are sufficiently serious to satisfy the objective component of an Eighth Amendment claim.  See id. at 732-733; see, e.g., Hearns v. Terhune, 413 F.3d 1036, 1041-42 (9th Cir. 2005) (allegations of serious health hazards in disciplinary segregation yard for a period of nine months, including toilets that did not work, sinks that were rusted and stagnant pools of water infested with insects, and a lack of cold water even though the temperature in the prison yard exceeded 100 degrees, enough to state a claim of unconstitutional prison conditions); Anderson v. County of Kern, 45 F.3d 1310, 1314 (9th Cir.) ("[A] lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment."), amended, 75 F.3d 448 (9th Cir.), cert. denied, 516 U.S. 916 (1995).

However, "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system."  O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987) (quoting Price v. Johnston, 334 U.S. 266, 285 (1948)).  While basic human needs must be met, when a genuine emergency exists prison officials may be more restrictive than usual and certain services may be temporarily suspended.  See Hoptowit v. Ray, 682 F. 2d 1237, 1259 (9th Cir. 1982).

What is required to establish the second element of an unnecessary and wanton infliction of pain varies according to the nature of the alleged constitutional violation.  Whitley v. Albers, 475 U.S. 312, 320 (1986).   In cases concerning conditions of confinement, the necessary state of mind is one of "deliberate indifference."  See, e.g., Farmer, 511 U.S. at 834 (inmate safety); Helling, 509 U.S. at 32-33 (inmate health); Wilson, 501 U.S. at 302-03 (general conditions of confinement); Estelle v. Gamble, 429 U.S. 97, 104 (1976) (inmate health).  Neither negligence nor gross negligence will constitute deliberate indifference.  See Farmer, 511 U.S. at 835-36 & n.4; see also Estelle, 429 U.S. at 106 (establishing that deliberate indifference requires more than negligence).  A prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the standard for criminal recklessness is met, i.e., the official knows of and disregards an excessive risk to inmate health or safety.  See

<u>Farmer</u>,

511 U.S. at 837.  The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.  <u>See</u> <u>id.</u> An Eighth Amendment claimant need not show, however, that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm.  <u>See</u> <u>id.</u> at 842; <u>see</u> <u>also</u> <u>Robins v. Meecham</u>, 60 F.3d 1436, 1439-40 (9th Cir. 1995) (bystander-inmate injured when guards allegedly used excessive force on another inmate need not show that guards intended to harm bystander-inmate).

In the instant case, the material facts are not in dispute.  The parties do not dispute that plaintiff spoke to defendant about visiting the psychiatrist nor do they dispute that defendant restrained plaintiff by the use of handcuffs and the restraining ring.  They also do not dispute that plaintiff was so restrained for approximately five hours.

Plaintiff's claim fails as a matter of law, even though he has made an adequate showing as to the first element that the alleged deprivation of his rights was objectively and sufficiently serious considering the circumstances, nature and duration of the alleged deprivation.  Taken alone, the circumstances and nature of the alleged deprivation do not constitute a constitutional deprivation.  Specifically, that defendant restrained plaintiff, known for his suicidal thoughts and tendencies and therefore fearing for plaintiff's immediate personal safety, does not rise to the level of a sufficiently serious deprivation of rights.  The duration of the alleged event does, however, present a different situation.  Being restrained for five hours could be considered objectively serious especially considering that a person so restrained lacks access to food, water, rest and the use of a bathroom.

As to the second part of his Eighth Amendment claim, however, plaintiff has not made a sufficient showing to support a contention that defendant acted with deliberate indifference.  The record indicates that defendant was attempting to address plaintiff's immediate needs and was not acting with criminal recklessness or ignoring an excessive risk to plaintiff's health or safety.

1  Rather, fearing that plaintiff might harm himself, defendant restrained plaintiff so that defendant
2  could summon medical staff to attend to a possibly dangerous situation.
3  Under these facts, plaintiff's claim lacks evidentiary support.

## CONCLUSION

Plaintiff's motion for extension of time (docket no. 46) is GRANTED.  The court concludes that plaintiff has failed to raise a genuine issue of material fact as to any constitutional violation and that defendant is entitled to judgment as a matter of law.  Accordingly, defendant's motion for summary judgment (docket no. 10) is GRANTED as to all remaining claims in favor of defendant.  The clerk shall terminate all pending motions, enter judgment and close the file.

**IT IS SO ORDERED.**

DATED: 3/26/08

*/s/ Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge